STATE, RUDOLPHUS BINGHAM, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF CAMDEN.

An act which, by its terms, is a supplement to a city charter, and designed to regulate the internal affairs of such city, is a local act, and is unconstitutional and void by force of article four, section seven, paragraph eleven, of the constitution.

---

On *certiorari* to review the proceedings of the mayor and common council of the city of Camden, under a supplement to the charter of said city, approved March, 1878, providing for a board of excise.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutor, *S. H. Grey*.

For the defendants, *R. S. Jenkins*.

The opinion of the court was delivered by

REED, J. This writ brings up for review the proceedings of the mayor and common council of the city of Camden, under an act of the legislature approved March, 1878, entitled "A further supplement to the act entitled 'An act to revise and amend the charter of the city of Camden.'"

The act provides that there shall be, in and for the city of Camden, a board of excise commissioners, which shall consist of three resident freeholders of the city of Camden, to be nominated by the mayor and confirmed by the common council of said city. The act confers power to grant licenses for the sale of spirituous and strong liquors within the limits of said city. The act provides that they shall keep books, containing a record of their proceedings, in the office of the city clerk; that the license fees shall, each week, be paid over to the city treasurer, and that forfeitures recovered before any justice of the peace of the city of Camden shall be also paid to the said treasurer. The act also provides that the common council shall, from time to time, appoint some suitable person, as inspector of excise, to inspect places where liquors are sold within said city, and perform such other duties as may be required of him by said board or by the common council, who shall have power, by ordinance or by resolution, to more fully define or prescribe the duties of said inspector.

These are, in substance, the features of the act, the design of which is to regulate and control the persons and places where malt and spirituous liquors shall be sold within the corporate limits of the city of Camden. Under the act, the mayor has nominated, and the common council has confirmed the nomination of three resident freeholders of said city, and no irregularity in said nominations or confirmations is alleged as ground of error. If the act is valid, the proceedings before us are regular. The existence of the statute itself is attacked upon the ground that, since the recent amendments to our state constitution, there is no power in the legislature to frame statutes like this, and that the present act is void.

The alleged restrictive clause of the constitution is the one which has already received judicial construction in three instances: twice in the case of *Van Riper* v. *Parsons, ante pp.* 1, 123; and once in the case of *Pell* v. *Newark, ante p.* 71.

It is that portion of paragraph eleven of section seven, which prescribes that the legislature shall not pass any private, special or local laws,    *    *    *    regulating the internal

affairs of towns and counties. That cities are included within the meaning of this provision, is already determined in the cases already mentioned. That this act is local, is too obvious for argument. It is a supplement to the charter of Camden, by its terms. There is no attempt to make the legislation apply to a class of cities by any classification, natural or illusive. It is plumply and unevasively a local act.

Is it also an act regulating the internal affairs of the city of Camden?

The establishment of a muncipality, whether by custom, royal charter or legislative grant, carries with it certain incidental powers essential to its existence as a body politic. In addition to these incidental powers, others are granted, or the incidental powers regulated by express provisions in their respective charters. All these matters, which are the subject of control by the municipality incidentally, or which already exist, or may thereafter be conferred by grant, concern the internal affairs of the city.

Any attempt to strip a city of any of such power, or to confer upon it additional power, or to change the manner of exercising the power already existing, is a regulation of such internal affairs.

The largest field for municipal action is afforded in the exercise of the power to suppress nuisances, prevent disorders and preserve the health and safety of the citizens by virtue of its right to invoke and administer the police power of the state. The control of the vending of spirituous liquors has been the subject of such regulation almost from the beginning of government. *Bac. Abr., title " Inns."*

In the year 1667, in the case of *Player* v. *Jenkins, Siderfin* 284, it was ruled that if the number of taverns and ale-houses increase in Cheapside, London, to so great an' extent as to. be a nuisance, they may be restrained by a by-law.

The act now under consideration is one conferring upon a single city, as a matter of police regulation, the power to control, and prescribing the method of exercising the power to control the occupation of selling malt and spirituous liquors.

The extent of the operation of the act is confined within

the boundaries of the city. The subject upon which the act is to operate is one which concerns purely municipal government. The machinery provided to accomplish the purpose of the act is municipal. The board of excise is a city board. The inspector of excise is a city officer. The revenues incidentally resulting from fees and forfeitures go into the city treasury.

The statute is, in its entirety, an act local in its character, and designed to regulate the internal affairs of the city of Camden.

It is, therefore, void, and can afford no support for the acts brought here for review, and they are, therefore, vacated, with costs.